UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDUL M. HAKIM,

               Plaintiff,

       -v-

CO SGT. SKULLI, et al.,

               Defendants.

                                DECISION AND ORDER
                                13-CV-1116S

UNITED STATES DISTRICT COURT
FILED
NOV 2 7 2013
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

---

      Plaintiff, an inmate incarcerated at the Auburn Correctional Facility, has filed a *pro se* complaint under 42 U.S.C. § 1983. He has not paid the filing fee nor filed a motion to proceed *in forma pauperis* and a Prison Authorization, *see* 28 U.S.C. § 1915(a) and (b). The complaint plaintiff has filed is completely and utterly illegible. While the handwriting is rather neat, the complaint, nonetheless, is wholly illegible. The names of the defendants are mostly unreadable, and there is simply no means for the Court to read and decipher plaintiff's complaint. Plaintiff, therefore, will be directed to file an amended complaint that is fully legible and, as directed below, submit either a motion to proceed *in forma pauperis* and a Prison Authorization or the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees).

      The filing fee for a civil action is $350.00, plus an administrative fee of $50.00. *See* n.2, *supra*. Whenever a "prisoner," *see* 28 U.S.C. § 1915(h), submits a complaint, he must either (1) pay the filing fee and administrative fee, or (2) submit a motion to proceed *in forma pauperis* that includes a Prison Certification, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form, pursuant to 28 U.S.C. § 1915(b)(1)-(4).

Plaintiff did not prepay the $350.00 filing fee and the $50.00 administrative fee with his complaint. Plaintiff also did not submit a motion to proceed *in forma pauperis* that includes a Prison Certification and a Prison Authorization form.

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. The Court, rather than require a prisoner to obtain a certified copy of his inmate trust fund account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*. The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

The PLRA also requires a prisoner who seeks to proceed *in forma pauperis* to submit a signed Prison Authorization form authorizing the institution in which a prisoner is confined to pay the full $350.00 fee. 28 U.S.C. § 1915(b)(1)-(4). Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments. 28 U.S.C.

§ 1915(b)(1). In each month that the amount in the prisoner's inmate trust account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions). *See also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, plaintiff has failed to submit a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form authorizing the institution in which he is confined to pay the full $350.00 as set forth above, *Id.* § 1915(b)(1)-(4).

3

Thus, before this action can proceed, plaintiff must submit to the Court an amended complaint **and** either (1) a motion to proceed *in forma pauperis* that includes a Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), **and** a Prison Authorization form pursuant to 28 U.S.C. § 1915(b)(1)-(4) or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open no later than **December 30, 2013**.[1]

## ORDER

IT IS HEREBY ORDERED that the complaint is dismissed, without prejudice;

FURTHER, that the Clerk of the Court is directed to send to plaintiff a form prisoner civil rights complaint and motion to proceed *in forma pauperis* and Prison Authorization form;

FURTHER, that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee;

FURTHER, that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **December 30, 2013**. Plaintiff's writing shall include an amended complaint that is fully legible **and** either (1) a motion to proceed *in forma pauperis* that includes a completed

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).

and signed Prison Certification **and** a Prison Authorization form, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees);[2] and

FURTHER, that upon plaintiff's submission of an amended complaint **and** either (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification **and** a Prison Authorization form, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees), the Clerk of the Court shall re-open this case.

SO ORDERED.

Dated: November 22, 2013
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[2]Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.