UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

ABDUL M. HAKIM,

                  Plaintiff,

                                                      DECISION AND ORDER

-v-

                                                      Case #13-CV-1116S

CO SGT. SKULLI, et al.,

                  Defendants.

## INTRODUCTION

Plaintiff, an inmate at the Auburn Correctional Facility, who is proceeding *pro se* and has been granted permission to proceed *in forma pauperis*, has now been provided three opportunities to submit a complaint that is legible. (Docket Nos. 2, 9.) As noted in the Court's most recent order directing Plaintiff to submit an amended complaint that was legible: "[t]he amended complaint . . . is again unintelligible. While one or two of the Defendants' name can be deciphered, the vast majority of the Complaint is simply illegible to the point where the Court cannot read or decipher Plaintiff's claims." (Docket No. 9, Order at 2.) The Court, as it had done in a prior Order (Docket No. 2) and cognizant of the special solicitude afforded *pro se* litigants, provided Plaintiff with one last opportunity to submit an Amended Complaint that was legible. (Docket No. 9, Order, at 2-3.) Plaintiff has again failed to do that and, accordingly, the "second" amended complaint (Docket No. 10) is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A, for failure to state a claim upon which relief can be granted.

## DISCUSSION

A review of the most recent pleading (Docket No. 10), its attachment and all other submissions of Plaintiff show clearly that Plaintiff has not submitted a pleading or anything else to the Court which is legible and would enable the Court (and the Defendants) to read it, let alone interpret it properly and be able to respond to it. *See* Fed.R.Civ.P. 8(a)(2) (a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *see, e.g. Soriano v. Capital Blue Cross*, 2013 WL 3524968, at *4 (M.D.Pa., July 11, 2013) (Adopting Report and Recommendation) ("Therefore, it is incumbent upon a Plaintiff to legibly describe who he seeks to sue, and what these parties did that violated the Plaintiff's rights. When a Plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.") (collecting cases). *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957) (The failure to provide a "plain and short statement" does not give the Defendants "fair notice of what [the] claim is and the grounds upon which it rests.").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal

as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the Amended Complaint (Docket No. 10) is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: October 1, 2014
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　　HON. FRANK P. GERACI, JR.
　　　　　　　　　　　　　　　　　　　　　United States District Judge